**CALDERON v. GONZALES et al.**

No. 11068.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 23, 1941.

Rehearing Denied Feb. 4, 1942.

Julian La Crosse, of Del Rio, for appellant.

Arthur C. Gonzalez, of Del Rio, for appellees.

SMITH, Chief Justice.

This appeal involves the question of subrogation.

On October 12, 1936, Sergio Gonzales executed a promissory installment note for $500 in favor of W. E. Whitehead, together with a chattel mortgage on personal property as security.

Having defaulted in the payment of accruing installments, Sergio Gonzales induced A. C. Gonzales to advance $300 to him to be applied on said note, agreeing that A. C. Gonzales be subrogated to the rights and remedies of Whitehead as payee of said note and owner of the lien to secure the same. Sergio gave A. C. his promissory note, incorporating the subrogation agreement therein, for the amount of $300 so advanced.

But Sergio paid only $100 of said $300 upon said note, applying the remaining $200 to other uses.

In February, 1938, however, Sergio Gonzales borrowed $950 from Guillermo Calderon, giving his note therefor as well as a chattel mortgage upon the same personal property covered by the prior and superior Whitehead lien. Calderon, however, had no notice of the transaction or subrogation agreement between Sergio and A. C. Gonzales. In view of the dis-

position of this appeal it is not necessary to decide if the attempted subrogation was binding upon Calderon for any amount in the absence of notice.

By the end of the year 1937 Sergio paid the Whitehead note down to $175, and in July, 1938, Whitehead took judgment in the district court against Sergio for that amount plus interest and attorney's fees, aggregating $241, with decree foreclosing the lien on the mortgaged property. Calderon was made a party to this suit, in which Whitehead's first lien on the mortgaged property was established. Order of sale was issued on Whitehead's judgment and the property levied upon and advertised for sale.

However, on the advertised day and apparently in order to protect his interest, A. C. Gonzales paid Whitehead $200 on the latter's judgment and agreed to pay the balance, giving his note therefor, in consideration of which Whitehead transferred the judgment to A. C. Gonzales, without recourse, and the advertised sale was not made then or thereafter.

On October 23, 1940, Calderon brought this action against Sergio Gonzales to recover upon said $950 note and to foreclose the chattel mortgage lien upon said property.

Subsequently and in due course A. C. Gonzales intervened in this suit and set up his claims based on his ownership of the Whitehead judgment and his asserted right of subrogation, and prayed for establishment of a superior lien, over Calderon, upon the mortgaged property.

Trial before the court without a jury resulted in judgment, (1) in favor of A. C. Gonzales against Sergio Gonzales for the amount of the latter's note for $300 and establishing the asserted lien of A. C. Gonzales by reason of the subrogation agreement, and establishing said lien for said amount as first lien; and (2) in favor of Calderon against Sergio Gonzales for the amount of the latter's $950 note, and establishing a lien upon said property for said amount, subject, however, to the asserted prior lien of A. C. Gonzales.

Calderon has appealed, contending, first, that A. C. Gonzales was entitled to subrogation, if at all, to the amount of only $100, as Sergio applied only that amount upon his debt to Whitehead, using the remaining $200 of the loan for other purposes, and that, second, since A. C. Gonzales claimed

under an assignment of the Whitehead judgment for $241, he was entitled to a lien for no more than that amount, whereas, he actually recovered $300.

From the facts stated it appears that the sum of only $100 of the $300 advanced by A. C. Gonzales was applied towards the satisfaction of Sergio Gonzales' debt to Whitehead. In order to secure subrogation to the right of a creditor it devolves upon the one claiming that right to see to it that the sum advanced by him is actually applied upon the debt, and his right is measured by the amount so applied. 39 Tex.Jur. p. 804, § 44; 25 R.C.L. 1315; 60 C.J. 719; Kallman v. Ludenecker, 9 Tex.Civ.App. 182, 28 S.W. 579. Tested by that rule, A. C. Gonzales was entitled to subrogation, if at all, in the sum of only $100, instead of $300, as awarded by the trial court.

By this conclusion A. C. Gonzales was relegated to the right, accruing to him under the judgment transferred to him by W. E. Whitehead, the judgment creditor (for the sum of $241.72, with 6% interest thereon from its date, July 29, 1938) to the superior lien over Calderon's to secure that amount. The judgment appealed from should be reformed to accomplish that result.

Accordingly, the judgment of the trial court will be reformed so as to establish the debt and decree a first lien in favor of A. C. Gonzales upon the personal property involved to secure payment of the sum of $241.72, with interest as aforesaid, and as so reformed the judgment will be affirmed, at the cost of appellees.

On Motion for Rehearing.

On rehearing A. C. Gonzales urges that he was subrogated to the rights of W. E. Whitehead against Sergio Gonzales in the amount he had advanced to Sergio toward the satisfaction of Whitehead's claim against Sergio; that as we have held that A. C. was entitled to subrogation in the amount of his advancement actually applied to Whitehead's claim, to-wit, $100, he was entitled to an extension of the first lien to secure such amount. As A. C., subsequent to such advancement, purchased Whitehead's claim, which had been reduced to judgment, for the sum of $241, with establishment of the superior lien to secure that amount, his right of subrogation was measured by the rights of Whitehead under said judgment, no more and no

less. A. C.'s right of subrogation in the sum of $100 was merged into the rights he acquired by purchase of the prior judgment for $241 in favor of Whitehead. He could not tack his $100 right of subrogation onto the amount of the judgment, and thereby burden the mortgaged property with a wider lien than that held by his assignor, the mortgagee.

Appellees' motion for rehearing is overruled.